IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| MICHAEL JONES, # 259166, | ) Civil Action No. 3:03-3482-TLW-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| T. MCCOY, LIEUTENANT BROAD RIVER | ) |
| CORRECTIONAL INSTITUTION (BRCI) OF | ) |
| SOUTH CAROLINA DEPARTMENT OF | ) |
| CORRECTIONS; | ) |
| M. STEPHEN, LIEUTENANT, BRCI; | ) |
| J. PARRISH, LIEUTENANT, BRCI; | ) |
| T. SMALLS, LIEUTENANT, BRCI; AND | ) |
| M. GOLLACH, LIEUTENANT, BRCI, | ) |
| | ) |
| Defendants. | ) **REPORT AND RECOMMENDATION** |
| | ) |

Plaintiff, Michael Jones, filed this action on November 14, 2003. His allegations concern

incidents that occurred at the Broad River Correctional Institution ("BRCI") of the South Carolina

Department of Corrections ("SCDC").[1] Defendants filed a motion for summary judgment on

October 28, 2004. Plaintiff, because he is proceeding pro se, was advised on October 29, 2004,

pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to

Defendants' motion for summary judgment with additional evidence or counter-affidavits could

result in the dismissal of his complaint. On November 1, 2004, Plaintiff filed a pleading titled

"Motion for Courts to Proceed with Jury Trial." In his motion, he requests that Defendants'

motion for summary judgment be denied.

---

[1]Pretrial matters in this case were referred to the undersigned pursuant to Rule
73.02(B)(2)(e), DSC. Because these are dispositive motions, this report and recommendation is
entered for review by the court.

<u>DISCUSSION</u>

On September 15, 2003, Plaintiff was transferred from the Special Management Unit ("SMU") at Evans Correctional Institution ("ECI") to SMU at BRCI to attend a hearing before a South Carolina Administrative Law Judge.  He claims that while he was at BRCI, guards verbally abused him, he was wrongfully strip searched, his property was unlawfully confiscated and lost, he was denied recreation, he received a false disciplinary charge, and he was not allowed to file a grievance.  <u>See</u> Complaint, at 3-4 and Plaintiff's December 3, 2003 Answers to Special Interrogatories.  Plaintiff requests monetary compensation, the termination of the rest of his prison sentence, and that Defendants be terminated from their SCDC jobs.  Complaint, at 5.  Defendants argue that they are entitled to summary judgment because: (1) Plaintiff's allegations that Defendants spoke sharply and discourteously to him fail to rise to the level of a constitutional violation; (2) Plaintiff's claim concerning a loss of property has no merit; (3) Plaintiff's allegations concerning his placement in a holding cell and strip cell status fails to state a valid cause of action; (4) Plaintiff's claims concerning a failure to process his grievance has no validity; (5) Plaintiff's request for relief has no merit and must be disregarded;[2] (6) Defendants are entitled to Eleventh

---

[2]In deciding whether a civilly-institutionalized individual's constitutional rights have been violated, the courts must balance the individual's liberty interest against the relevant state interests, but deference must be given to the decisions of professionals.  <u>Youngberg</u>, 457 U.S. 307, 321 (1982).  "[T]he decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment."  <u>Id.</u> at 323.  Deference to professionals ensures that federal courts do not unnecessarily interfere with the internal operations of state institutions.  <u>Id.</u> at 322.

Amendment immunity; (7) Defendants are entitled to qualified immunity; and (8) any state claims should be dismissed.

    1.    <u>Verbal Abuse</u>

        Plaintiff alleges that Lt. Gollach stated: "oh you're from EVANS, huh [sic]? People die at EVANS, we gotta [sic] check you real [sic] good." Complaint, at 3. He also claims that Lt. Gollach stated: "Y'all EVANS boys think y'all bad [sic], you aint [sic] s[**]t down here. We don't play that, you hear [sic]." <u>Id.</u> Finally, he alleges that Lt. Stephen stated: "Now you make sure you tell your Lt. and them we don't play no [sic] games at Broad River." Complaint, at 4. Defendants argue that the alleged verbal abuse, even if true, does not rise to the level of a constitutional violation.

    Verbal abuse of inmates by guards, without more, fails to state a claim under § 1983. <u>Keenan v. Hall</u>, 83 F.3d 1083, 1092 (9th Cir. 1996)(disrespectful and assaultive comments did not violate Eighth Amendment); <u>McDowell v. Jones</u>, 990 F.2d 433, 434 (8th Cir. 1993)(verbal threats and name calling are usually not actionable under § 1983); <u>Northington v. Jackson</u>, 973 F.2d 1518, 1524 (10th Cir. 1992); <u>Collins v. Cundy</u>, 603 F.2d 825 (10th Cir. 1979)(sheriff's idle threat to hang a prisoner did not give rise to a § 1983 claim); <u>Lamb v. Hutto</u>, 467 F. Supp. 562 (E.D.Va. 1979)(verbal assaults and threats do not state a constitutional claim actionable under § 1983).

    2.    <u>Property Claims</u>

        Plaintiff, in his Complaint, states that he seeks compensation for his property. In answers to the Court's special interrogatories, Plaintiff states that his clothes were cut off his body with scissors and his personal property bag was lost during the search. He claims his bag

contained four stamped envelopes, a Timex watch, three socks, three t-shirts, two boxer shorts, one Sony Walkman, two novels, and various legal papers. Defendants argue that Plaintiff fails to establish a claim for loss of his property because the clothing worn by inmates is state issued and Plaintiff was later given replacement clothing.

Negligent deprivations of personal property, do not support an action for damages under 42 U.S.C. § 1983. See Daniels v. Williams, 474 U.S. 327, 328-36 & n. 3 (1986). Negligence, in general, is not actionable under 42 U.S.C. § 1983. See Daniels v. Williams, 474 U.S. 327 (1986); Ruefly v. Landon, 825 F.2d 792, 798-94 (4th Cir. 1987); and Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995). Furthermore, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. DeShaney v. Winnebago Dep't. of Social Services, 489 U.S. 189, 200-203 (1989).

Defendants provide that clothing worn by inmates is state issued. Inmates have no property rights in articles they have not purchased. See Washington v. Tinsley, 809 F.Supp. 504, 508 (S.D. Tx. 1992); Ladd v. Davies, 817 F.Supp 81, 82 (D.Kan. 1993).

Additionally, the United States Court of Appeals for the Fourth Circuit has held that a federal district court should deny § 1983 relief if state law provides a plaintiff with a viable remedy for the loss of personal property--even if the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of a state.[3] Yates v. Jamison, 782 F.2d 1182, 1183-84 (4th Cir. 1986). Yates has been partially superannuated for cases where plaintiffs allege deprivations of intangible interests, such as a

---

[3]Plaintiff has not alleged that his property was taken pursuant to an established SCDC policy.

driver's license or "liberty."  See Plumer v. Maryland, 915 F.2d 927, 929-32 & nn. 2-5 (4th Cir. 1990) and Zinermon v. Burch, 494 U.S. 113 (1990).  Nevertheless, the holding in Yates is still binding on lower federal courts in the Fourth Judicial Circuit in cases involving deprivations of personal property.

Under South Carolina law, Plaintiff's claims may be cognizable under the South Carolina Tort Claims Act, § 15-78-10 et seq., S. C. Code Ann.  Section 15-78-30 and its subparts encompass a "loss" of property from an occurrence of negligence proximately caused by a person employed by the State of South Carolina, a state agency, or political subdivision while acting within the scope of his or her employment.  Defendants, SCDC employees, are employed by the State of South Carolina.  Plaintiff has an available judicial remedy for the missing property: the South Carolina Tort Claims Act, supra.

    3.    Strip Search

It is unclear whether Plaintiff is attempting to assert a claim concerning the strip search.  Defendants Gollach, Parrish, Smalls, and Stephan state that because Plaintiff was an inmate incarcerated in the SMU, it was necessary to conduct a strip search to verify that no contraband was present. They state that when they began the strip search, a cigarette (SMU inmates are not allowed to have tobacco products) was found in Plaintiff's right sock. These Defendants state that in order to verify that there was no contraband hidden in Plaintiff's buttocks area, it was necessary to complete a visual examination of the area.  They state Plaintiff refused to cooperate further, he was stripped so that the search could be completed, and a second cigarette was found in his buttocks area.  Gollach, Parrish, Smalls, and Stephan Aff.

Plaintiff appears to argue that Defendants violated SCDC policy by asking him to submit to a cavity search.[4]  Allegations that SCDC defendants have not followed their own policies or procedures, standing alone, do not amount to constitutional violations.  See <u>United States v. Caceres</u>, 440 U.S. 741 (1978); <u>see also</u> <u>Riccio v. County of Fairfax, Virginia</u>, 907 F.2d 1459, 1469 (4th Cir. 1990)(if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); <u>Keeler v. Pea</u>, 782 F. Supp. 42, 44 (D.S.C. 1992)(violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983).

4.    <u>Grievances</u>

Plaintiff alleges that after he returned to ECI, he spoke to grievance coordinator Sprattling, who told him it was not necessary to file a grievance because ECI was not at liberty to do anything about the situation.  Defendants argue that Plaintiff's claim fails because Defendants in this action have no involvement in the grievance process at ECI or BRCI and had no involvement in any alleged denial of Plaintiff's claimed right to file a grievance.

Plaintiff has not named the person allegedly responsible (Sprattling) for denying his grievance as a defendant in this action.  Further, Plaintiff fails to show his constitutional rights were violated concerning the grievance process.  The "Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by the state."  <u>Adams</u>

_____

[4]To the extent that Plaintiff is attempting to make an excessive force claim, such a claim fails because he has not shown anything more than de minimis injury as the result of the search. <u>See</u> <u>Norman v. Taylor</u>, 25 F.3d 1259 (4th Cir. 1994), <u>cert.</u> <u>denied</u>, 513 U.S. 1114 (1995). Plaintiff has alleged no injury as a result of the search.  He was examined afterwards by a nurse, and no treatment was deemed necessary.  <u>See</u> Defendants' Aff.; <u>see</u> <u>also</u> Plaintiff's medical records (attached to Plaintiff's November 1, 2004 Motion).

v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Even assuming that Defendants violated SCDC grievance procedures, such actions do not state a claim which is actionable under § 1983. See Brown v. Dodson, 863 F. Supp. 284 (W.D.Va. 1994).

     5.     Conditions of Confinement

Plaintiff alleges that he was placed in a holding cell for three hours while still in shackles and chains and was not allowed to have them removed to eat or use the restroom. He claims he was put in the SMU with only a paper garment to wear and he had no mattress or toilet paper for twenty-four hours. Complaint, at 3. In his answers to special interrogatories, Plaintiff states that he was denied recreation and showers for "a 72 prior." Plaintiff now also claims that his room had a strong mace odor and was not clean. Plaintiff's November 1, 2004 Motion, at 2.

Plaintiff fails to show that his Eighth Amendment rights were violated by Defendants' actions because he fails to show that he suffered from any serious or significant physical or emotional injury as a result of his living conditions. The Eighth Amendment provides protection with respect to "the treatment a prisoner receives in prison and the conditions under which he is confined." Helling v. McKinney, 509 U.S. 25, 31 (1993). However, the constitutional prohibition against the infliction of cruel and unusual punishment "does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991). Eighth Amendment protection from cruel and unusual living conditions has both objective and subjective components. First, deprivations must be objectively serious in the sense that they violate contemporary notions of decency. Rhodes v. Chapman, 452 U.S. 337 (1981). Second, the plaintiff must show that subjectively the prison officials acted with a

7

sufficiently culpable state of mind.  <u>Strickler v. Waters</u>,  989 F.2d 1375, 1379 (4th Cir.), <u>cert. denied</u>, 510 U.S. 949 (1993).  The Supreme Court has held that prison officials cannot be held liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to inmate health or safety.  <u>Farmer v. Brennan</u>, 511 U.S. 825  (1994).  A plaintiff must produce evidence of serious or significant physical or emotional injury resulting from the challenged conditions to withstand summary judgment on a prison living conditions claim.  <u>Strickler</u>, 989 F.2d at 1380-81.

      6.    <u>Disciplinary Charges</u>

      Plaintiff states that he received disciplinary charges as a result of the strip search. He claims that the "Possession of Contraband charge is a lie."  Complaint, at 4.[5]

      If Plaintiff is complaining about disciplinary proceedings, or the outcome of any disciplinary proceedings, those claims are barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994)[6] and <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997)(<u>Heck</u> precludes a § 1983 claim in a prison disciplinary hearing which has not been previously invalidated, where the challenge would necessarily imply the invalidity of the deprivation of good-time credits); <u>see also</u> <u>Kerr v. Orellana</u>, 969 F. Supp. 357 (E.D.Va. 1997)(holding that prisoner's § 1983 claim for monetary damages and injunctive relief related to his disciplinary hearing was precluded under <u>Heck</u>).  Plaintiff has not

---

      [5]Interestingly, Plaintiff later wrote that he turned over a cigarette (that he obtained from another prisoner in the holding cell) to Gollach.  Plaintiff's November 1, 2004 Motion, at 4.

      [6]The Supreme Court, in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) determined that where a prisoner files an action under § 1983 which would necessarily implicate the validity of his conviction, he may not pursue the damages claim unless and until he successfully attacks the conviction on which his suit is based. <u>Id.</u> at 487.

shown he successfully attacked any disciplinary hearing conviction.  Plaintiff cannot maintain a

§ 1983 action, whether for restoration of good time credits, monetary damages, or injunctive relief

related to the hearing, if a judgment in his favor would necessarily imply the invalidity of the

outcome of the disciplinary proceeding.  Here, the awarding of damages and/or injunctive relief

to Plaintiff would necessarily imply the invalidity of the outcome of his disciplinary hearing and

thus his claim is barred under Heck and Balisok.

   7.  Immunity

    Defendants argue that they are entitled to Eleventh Amendment immunity.  When

a defendant is sued in his or her official capacity, the suit is frequently intended as one against the

state, the real party in interest.  If review of the pleadings indicates that the state is, in fact, the

party being sued, then a judgment awarding damages is precluded by the Eleventh Amendment

of the United States Constitution.  Although declaratory and/or injunctive relief may be granted,

damages may not be awarded against the state.  In the case of Will v. Michigan Department of

State Police, 491 U.S. 58 (1989), the Supreme Court analyzed the interplay between § 1983 and

the Eleventh Amendment of the Constitution and stated:

> Section 1983 provides a federal forum to remedy many deprivations of civil
> liberties, but it does not provide a federal forum for litigants who seek a
> remedy against a State for alleged deprivations of civil liberties.  The
> Eleventh Amendment bars such suits unless the State has waived its
> immunity [cites omitted] or unless Congress has exercised its undoubted
> power under § 5 of the Fourteenth Amendment to override that immunity.

Id. at 66.

  The Eleventh Amendment immunity granted to the states "applies only to States or

governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes,"

but the court found that state agencies, divisions, departments, and officials are entitled to Eleventh

Amendment immunity.  Id. at 70.  In reaching this conclusion, the court held that a suit against

state officials acting in their official capacities is actually against the office itself and, therefore,

against the state.  State officials may only be sued in their individual capacities.  Therefore,

Defendants are entitled to Eleventh Amendment immunity from monetary damages in their official

capacities.

Defendants argue that they are entitled to qualified immunity in their individual capacities.

The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard which

the court is to follow in determining whether a defendant is protected by qualified immunity.

> Government officials performing discretionary functions generally are shielded
> from liability for civil damages insofar as their conduct does not violate clearly
> established statutory or constitutional rights of which a reasonable person would
> have known.

Harlow, 457 U.S. at 818.

The Court of Appeals for the Fourth Circuit stated:

> Qualified immunity shields a governmental official from liability for civil monetary
> damages if the officer's "conduct does not violate clearly established statutory or
> constitutional rights of which a reasonable person would have known."  "In
> determining whether the specific right allegedly violated was 'clearly established,'
> the proper focus is not upon the right at its most general or abstract level, but at the
> level of its application to the specific conduct being challenged."  Moreover, "the
> manner in which this [clearly established] right applies to the actions of the official
> must also be apparent."  As such, if there is a "legitimate question" as to whether
> an official's conduct constitutes a constitutional violation, the official is entitled to
> qualified immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994)(internal citations omitted), cert. denied, 516 U.S.

824 (1995).  As discussed above, Plaintiff fails to show that Defendants violated any of his clearly

established constitutional or statutory rights. Therefore, Defendants are entitled to qualified immunity in their individual capacities.

       8.    <u>State Claims</u>

It is unclear whether Plaintiff also is attempting to assert claims under South Carolina law. As Plaintiff fails to show that Defendants violated his rights under § 1983 (as discussed above), only potential state law claims would remain. Thus it is also recommended that, pursuant to 28 U.S.C. § 1367(c)(3), any remaining state law claims be dismissed.

<u>CONCLUSION</u>

Based upon review of the record, it is recommended that Defendants' motion for summary judgment (Doc. 37) be granted and Plaintiff's motion to proceed with jury trial (Doc. 40) be denied.

                       Respectfully submitted,

                       s/Joseph R. McCrorey
                       United States Magistrate Judge

April 18, 2005
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

## Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**